IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br> vs.<br><br>DONTE M. LEEPER,<br><br>    Defendant. | 8:19CR386<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on Defendant Donte M. Leeper's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Filing No. 163. He challenges his conviction after pleading guilty to a two-count information charging him with aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act) and 2; and aiding and abetting the knowing possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Filing No. 151, Information; Filing No. 156, Judgment. He was sentenced to a term of imprisonment of twenty-four (24) months on the Hobbs Act charge and to 60 consecutive months on the gun charge, which is the mandatory minimum. He did not file a direct appeal and his conviction and sentence became final fourteen days after the judgment was entered on October 26, 2021. He timely filed the present motion on October 24, 2022. The present motion is Leeper's first motion under 28 U.S.C. § 2255.

  A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral

1

attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rule provides that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

Leeper argues his conviction under 18 U.S.C. § 924(c) violates the Constitution's Due Process Clause because aiding and abetting an attempted Hobbs Act robbery is not a categorial crime of violence following the United States Supreme Court case of *United States v. Taylor*, 142 S. Ct. 2015 (2022); *see also Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) (vacating conviction under § 924(c) as based "on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence."). He also argues that he can demonstrate cause and prejudice to overcome any procedural default for failing to raise the claim on direct appeal. *See Jones*, 39 F.4th at 526 (finding defendant had established cause for failing to raise an issue on direct review because the state of the law at the time of his appeal did not offer a reasonable basis upon which to challenge the guilty plea and prejudice in that the error worked to his disadvantage).

On initial review, the Court cannot say with certainty that the plaintiff is entitled to no relief and finds the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3

THEREFORE, IT IS ORDERED THAT:

1. On initial review, the Court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 10th day of March, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge