IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>DONTE M. LEEPER,<br><br>Defendant. | 8:19CR386<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. Filing No. 163. The Court initially reviewed this case and ordered the Government to file its answer. Filing No. 167. Defendant challenges his conviction after pleading guilty to a two-count information charging him with aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act); and aiding and abetting the knowing possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Filing No. 151, Information; Filing Nos. 155 and 156, Plea Agreement; Judgment. Defendant was sentenced to a term of imprisonment of twenty-four (24) months on the Hobbs Act charge and to 60 consecutive months on the gun charge, which is the mandatory minimum. He did not file a direct appeal, and his conviction and sentence became final, thereafter. He timely filed the present motion on October 24, 2022. The present motion is Leeper's first motion under 28 U.S.C. § 2255.[1]

---

[1] Defendant filed a motion for a stay granting him time to file an answer to the defendant's response. Filing No. 171. The Court denies that motion, as the defendant has since filed his answer. Filing No. 172 and Filing No. 173.

1

**BACKGROUND**

The basic facts are not in dispute. As stated by the government:

On October 28, 2019, Leeper aided and abetted the robbery of a Sprint store located at 14919 West Maple Road, Omaha, Nebraska. Leeper allowed Edward E. Lewis (hereinafter Lewis) to use his Chevrolet Malibu to transport Lewis and an accomplice to the Sprint store. Lewis and the accomplice entered the back of the store, one had a firearm, one had a stun gun and they commanded employees to lay down in the breakroom. Once inside the breakroom, they zip-tied employees and began to fill garbage bags with merchandise. They left the store with $40,191.39 worth of merchandise. They also took a smart watch from J.R., an employee, and a cell phone from D.S., a FedEx employee making a delivery during the time of the robbery. One of the phone boxes they stole had a GPS tracking device which law enforcement was able to track.

Law enforcement tracked the GPS device to a residence at 1874 North 150th Court, Omaha, Nebraska, where Leeper had occasionally been staying. At 1874 North 150th Court, Leeper allowed the Chevrolet Malibu that had been used in the robbery, and its contents, to be hidden in the garage. At that location, Leeper then entered a white Chevrolet Tahoe, driven by Lewis. The bag of stolen merchandise and the GPS tracking device was taken into the white Chevrolet Tahoe. Law enforcement continued to follow the GPS tracker which led them to initiate a traffic stop on the Chevrolet Tahoe. Lewis did not initially stop. After a pursuit, the vehicle was stopped. Leeper got out of the back passenger side door and surrendered immediately. Lewis fled on foot and was caught two hours later. The Sprint Store was closed during the investigation, thereby affecting interstate commerce.

Filing No. 168 at 1–2.

On December 10, 2019, a federal grand jury returned a four-count indictment charging Leeper in Counts I and II as follows:

Count I: On or about October 28, 2019, in the District of Nebraska EDWARD E. LEWIS and DONTE M. LEEPER, defendants herein, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined by Title 18, United States Code, Section 1951, in that the defendants, EDWARD E. LEWIS, and DONTE M. LEEPER, did unlawfully take and obtain personal property consisting of cellphones, smart watches, and cases from J.R. and A.D., employees working at Sprint in Omaha, Nebraska, against his/her will by means of actual and

2

threatened force, violence, and fear of injury, immediate and future, to his/her person. In violation of Title 18, United States Code, Section 1951.

Count II: On or about October 28, 2019, in the District of Nebraska, the defendants, EDWARD E. LEWIS and DONTE M. LEEPER, did knowingly brandish a firearm during and in relation to, and possess in furtherance of, a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery as charged in Count I of this indictment. In violation of Title 18, United States Code, Section 924(c) and Title 18, United States Code, Section 2.

Filing No. 1.

On June 30, 2021, Leeper pleaded guilty to Counts I and II of the Indictment pursuant to a negotiated plea agreement. The Court did not accept the plea agreement at that time. However, Leeper's plea was to aiding and abetting possession of a firearm in relation to a crime of violence, rather than brandishing the firearm. Accordingly, an Information was filed which included that language. The Information stated:

Count I: On or about October 28, 2019, in the District of Nebraska DONTE M. LEEPER, defendant herein, did aid and abet and unlawfully obstruct, delay and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined by Title 18, United States Code, Section 1951, in that the defendant, DONTE M. LEEPER, did aid and abet and unlawfully take and obtain personal property consisting of cellphones, smart watches, and cases from J.R. and A.D., employees working at Sprint in Omaha, Nebraska, against his/her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his/her person. In violation of Title 18, United States Code, Section 1951 and 2.

Count II: On or about October 28, 2019, in the District of Nebraska, the defendant DONTE M. LEEPER, did aid and abet and knowingly possess a firearm in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery as charged in Count I of this Information. In violation of Title 18, United States Code, Section 924(c) and section 2.

Filing No. 151. The defendant entered a plea agreement admitting to the counts in the Information. Filing No. 155.

3

On October 26, 2021, judgment was entered, and Leeper was sentenced to 24 months imprisonment on Count I and 60 months imprisonment on Count II, to run consecutively, for a total sentence of 84 months' imprisonment. Filing No. 156.

**DISCUSSION**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Leeper argues his conviction under 18 U.S.C. § 924(c) violates the Constitution's Due Process Clause because aiding and abetting an attempted Hobbs Act robbery is not a categorial crime of violence following the United States Supreme Court case of *United States v. Taylor*, 596 U.S. 845 (2022); *see also Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) (vacating conviction under § 924(c) as based "on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence."). He also argues that he can demonstrate cause and prejudice to overcome any procedural default for failing to raise the claim on direct appeal. *See Jones*, 39 F.4th at 526 (finding defendant had established cause for failing to raise an issue on direct review because the state of the law at the time of his appeal did not offer a reasonable basis upon which to challenge the guilty plea and prejudice in that the error worked to his disadvantage).

Leeper further argues that due to the decisions by the Supreme Court, *Taylor* and *Jones*, his conviction for aiding and abetting should be reversed and his sentencing amended. Leeper contends that these cases stand for the proposition that because this

4

is a Hobbs Act case, wherein he is an aider and abettor, he is entitled to a sentence reduction. He contends he pled guilty to aiding and abetting an attempted Hobbs Act robbery, and that an "attempted Hobbs Act robbery" is not a crime of violence pursuant to *Taylor* and *Jones*.

The Court disagrees. Both cases cited by Leeper involve facts wherein the defendants did not carry out the substantive offense of attempt under the Hobbs Act. In this case, Leeper actually participated in many aspects of an actual and completed robbery. The Information states that Leeper "did aid and abet and unlawfully obstruct, delay and affect, and attempt to obstruct, delay, and affect, commerce….by robbery." Filing No. 151. Leeper's aiding and abetting a completed Hobbs Act robbery constitutes a "crime of violence" under the "elements clause" of § 924(c)(3)(A).

As the Supreme court stated, [w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." *Taylor*, 596 U.S. at 851. The Eighth Circuit has likewise addressed this issue and has stated that an attempted Hobbs Act robbery is not a crime of violence, but a completed Hobbs Act robbery is a crime of violence. *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (citing *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017); *see also United States v. Burnett*, No. 8:17CR374, 2022 WL 17094173 (D. Neb. Nov. 21, 2022) (wherein the Court distinguishes a completed robbery and an attempted robbery under 18 U.S.C. § 1951).

The facts show that Leeper's vehicle was used to drive to the Sprint store; that he knew the robbery was planned; that two of the robbers used a gun and a stun gun; that the robbers took $40,191.39 worth of cell phones, merchandise, and a smart watch

5

belonging to one employee and a cell phone of a FedEx driver. Leeper allowed his vehicle to be hidden in his garage along with the stolen merchandise. The second vehicle was also kept in the garage and the stolen merchandise was transferred from defendant's vehicle into the second vehicle. Leeper was in the second vehicle when it was pulled over by the police.

When applying the Supreme Court cases, Eighth Circuit cases, and the Nebraska cases, as cited herein, it is clear that a completed robbery is not a not attempt under a Hobbs Act Claim and defendant is not entitled to a reduction in his sentence.

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 163, is denied.

2. It is further ordered that defendant's motion to stay, Filing No. 171, is denied as moot.

Dated this 28th day of March, 2024.

                                                  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Senior United States District Judge